UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 06-20519-CIV-COOKE/BROWN

FEDERAL INSURANCE COMPANY,

    Plaintiff,

v.

CASTLE BEACH CLUB CONDOMINIUM
ASSOC., INC., *et al.*,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants Leopoldo Gonzalez, Horacio Mecozzia, and Emilio Berkowitz's Motion to Dismiss (DE 53), filed September 29, 2006. Plaintiff filed its opposition on October 19, 2006. Defendants Leopoldo Gonzalez, Horacio Mecozzia, and Emilio Berkowitz did not file a reply brief. The Court having reviewed the Motions finds, for the reasons set forth below, that Defendants Leopoldo Gonzalez, Horacio Mecozzia, and Emilio Berkowitz's Motion to Dismiss should be denied.

    **I.**    **BACKGROUND**

Plaintiff Federal Insurance Company ("Plaintiff" or "Federal") instituted this action on March 1, 2006. Plaintiff brought this suit as a declaratory judgment action to rescind an insurance policy. In its Complaint, Plaintiff alleges that it entered into an agreement with Palladian, a risk purchasing group, whereby Palladian would act as an intermediary on Plaintiff's behalf in issuing commercial excess and umbrella coverage for residential condominium associations, apartments,

-1-

and commercial properties. Plaintiff avers that under its agreement with Palladian, it issued the policies to Palladian which had the authority to underwrite coverage and issue certificates of coverage to certificate holders for one-year policy periods. Plaintiff alleges that Palladian was responsible for underwriting each individual risk in accordance with the guidelines and rules which Plaintiff established. Plaintiff avers that one of the rules it established was an "Application Rule," which required Palladian to obtain a completed and acceptable program application from every prospective insured. Plaintiff avers that included in the application was a question which required the applicant to state whether it had any outstanding fire code violations at the time of the application. Plaintiff contends that if an applicant asserted that it had an outstanding fire code violation then Palladian would have been required to refer the account to Plaintiff and then Plaintiff would have determined that the building was ineligible for coverage.

Plaintiff alleges that Defendant Castle Beach Condominium Association, Inc. ("Castle Beach") submitted two separate policy applications, the Palladian Application and the Accord Application. Plaintiff avers that both applications required Defendant Castle Beach to state whether there were any outstanding and/or uncorrected fire code violations in the subject building. According to Plaintiff, Castle Beach answered "no" to both questions. Plaintiff alleges that Defendant Leopoldo Gonzalez, as president of Castle Beach, signed both the Palladian and Accord Applications. Further, Plaintiff alleges that Castle Beach represented that the subject building had hard wire emergency lighting, sprinklers, and hard wired and battery operated smoke detectors in all apartments and common areas. Plaintiff avers that in reliance upon Castle Beach's representations in the Palladian and Accord Applications, Palladian, issued Certificate No. 2052 (the "Policy") to Castle Beach. Further, Plaintiff avers that it issued an endorsement to the Policy

which added Castle Beach as a named insured for the policy period January 15, 2005 to January 15, 2006. Plaintiff alleges that the subject Policy provided coverage for loss in excess of the limits of certain underlying insurance policies, including a directors and officers liability policy and a commercial general liability policy (the "underlying policies"). Plaintiff also alleges that the policy provided umbrella coverage for specified losses to which the underlying policies did not apply. Further, Plaintiff avers that the Policy contained various terms and conditions including a disclosures and representations condition, which provided that the Policy was issued in reliance upon the insured's representations.

According to Plaintiff, at the time Castle Beach submitted the Palladian and Accord Applications there were a host of outstanding and uncorrected fire code violations present within the subject building. Moreover, Plaintiff avers that Castle Beach and Leopoldo Gonzalez were aware of the fire code violations at the time that the Palladian and Accord Applications were submitted, yet, they failed to disclose the violations. Plaintiff contends that in connection with the Palladian and Accord Applications the Defendants knowingly and intentionally made false statements of material fact and failed to disclose material information. As a result, Plaintiff requests that this Court rescind the Policy.

## II.   MOTION TO DIMISS STANDARD

"[W]hen considering a motion to dismiss, the court must accept all allegations of fact as true and should only dismiss when it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proven in support of his claim." Solis-Ramirez v. U.S. Dept. of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (citing Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978)). See Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir.

1993).  A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993).  However, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47-48 (1957).

### III.   PROCEDURAL POSTURE

Defendants Leopoldo Gonzalez, Horacio Mecozzia, and Emilio Berkowitz ("Defendants") filed their Motion to Dismiss on September 29, 2006.  Plaintiff filed its opposition on October 19, 2006.  Defendants did not file a reply.  Thus, Defendants' Motion to Dismiss is ripe for adjudication.

### IV.   ANALYSIS

Defendants Leopoldo Gonzalez, Horacio Mecozzia, and Emilio Berkowitz contend that Plaintiff cannot bring this action against them because the subject Policy was issued to and paid for by Defendant Castle Beach and therefore there is no actual case or controversy between themselves and the Plaintiff.  However, the Court finds Defendants' argument to be unavailing.

To resolve this Motion, this Court must examine the Policy at issue.  The Policy was not attached to the Complaint, but, the Plaintiff attached a copy of the Policy to its opposition.  As a preliminary matter, the Court recognizes the general rule that a court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint.  Day

v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, a document outside of the four corners of the complaint may be considered, without converting a motion to dismiss into a motion for summary judgment, if the document is central to the Plaintiff's claims and is undisputed[1] in terms of authenticity. Horsely v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Further, a document may be incorporated by reference into a complaint if the document is central to the plaintiff's claims, the document's contents are alleged in the complaint, and no party questions those contents. Day, 400 F.3d at 1276. Against this backdrop, the Court finds that it may consider the Policy attached to Plaintiff's opposition as it was incorporated by reference into the Complaint, is central to Plaintiff's claims, and the Defendants have not disputed its authenticity. See id. Therefore, the Court will now analyze the terms of the Policy to resolve Defendants' Motion.

### A. THE DEFENDANTS ARE LISTED AS INSUREDS UNDER THE TERMS OF THE POLICY

Castle Beach is listed as the named insured within the Policy's declarations. Ex. 1 at 1 Declarations. Similarly, under the Schedule of Named Insureds contained within the Policy, Castle Beach is listed as the sole named insured. Ex. 1 at 3 Schedule of Named Insureds. However, it appears that the Policy contemplates coverage of persons and/or entities beyond Castle Beach. The Policy states "[t]hroughout this contract the words "you" and "your" refer to the Named **Insured** shown in the Declarations and other persons or organizations qualifying as a Named **Insured** under this contract." Ex. 1 at 9/Policy at 3 (emphasis contained in original). Thus, the Policy establishes that other persons and/or entities may qualify as named insureds

---

[1]The Eleventh Circuit has established that the term undisputed means that the authenticity of the document is not challenged. Day, 400 F.3d at 1276.

under the terms of the Policy.

Under the section entitled "Who is an insured/Excess Follow-Form Coverage A" the Policy defines who qualifies as a named insured for purposes of excess coverage. The Policy states "[w]ith respect to Excess Follow Form Coverage A, the following persons and organization qualify as **insureds** . . .the Named **Insured** shown in the Declarations; and other persons or organizations qualifying as an insured in **underlying insurance,**[2] but not beyond the extent of any limitation imposed under any contract or agreement." Ex. 1 at 12/Policy at 6 (emphasis contained in original). Thus, the Policy establishes that the named insured shown in the Declarations (Castle Beach) as well as other persons or entities which qualify as named insureds within the underlying insurance policy are named insureds under the subject Policy. Therefore, excess coverage is not necessarily limited to Castle Beach but includes other persons or entities covered through the underlying insurance policy.

Moreover, the Policy establishes that directors and officers are named insureds for purposes of umbrella coverage. Under the heading "Who is an Insured/Umbrella Coverage B," the Policy states "[w]ith respect to Umbrella Coverage B, the following persons and organizations qualify as **insureds** . . .if you are an organization (including a professional corporation) other than a partnership, joint venture, or limited liability company, you are an **insured**. Your directors and **officers** are **insureds**; but they are **insureds** only with respect to their duties as your directors or **officers**." Ex. 1 at 13/Policy at 7 (emphasis contained in original). Consequently, it appears that the subject Policy expressly provides umbrella coverage to Castle Beach as well as its directors

---

[2]The Policy defines underlying insurance as "coverages for the hazards described in the Schedule Of [sic] Underlying Insurance and the next renewal or replacement insurance thereof." Policy at 31.

and officers.[3]

In its Complaint, Plaintiff alleged that Defendants Gonzalez, Berkowitz, and Mecozzia are officers of Castle Beach. See Compl. at ¶¶ 9-11. Thus, it would appear that Defendants Gonzalez, Berkowitz, and Mecozzia as officers of Castle Beach would qualify as insureds under the subject Policy. Therefore, the Court finds that, in this action to rescind the subject Policy, Plaintiff has adequately alleged that there is an actual case or controversy between Plaintiff and Defendants Gonzalez, Berkowitz, and Mecozzia as alleged insureds under the Policy. See Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273-74 (1941). Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of December, 2006.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*
*Leopoldo Gonzalez, pro se*
*Emilio Berkowitz, pro se*
*Horacio Mecozzia, pro se*

---

[3]The Policy states "[**o]fficer** means a person holding any of the officer positions created by an organization's charter, constitution, by-laws or any other similar governing document." Policy at 26 (emphasis contained in original).